IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SALEH OMAR GHANEM                                                          PLAINTIFF

v.                                                      CIVIL ACTION NO. 1:24-CV-182-RP

BRYAN MORROW, In his Individual Capacity                           DEFENDANT

ORDER

On September 27, 2024, Saleh Ghanem filed his Complaint [1] against Bryan Morrow, in his individual capacity, alleging claims for First Amendment retaliation, Fourth Amendment false arrest, and Fourth Amendment excessive force pursuant to 42 U.S.C. § 1983. The Court granted partial summary judgment in Morrow's favor as to Ghanem's excessive force claim, but Ghanem proceeded to trial on the remaining claims. On March 31, 2026, the jury returned a verdict in favor of Ghanem, awarding him $10,000 in compensatory damages. *See* [54].

Now before the Court is Ghanem's Motion for Attorney's Fees and Expenses [58]. Morrow filed no response to the motion, and the time to do so has passed.[1]

*Analysis and Discussion*

In order to ensure that federal rights are adequately enforced, Congress enacted 42 U.S.C. § 1988 which provides that "[i]n any action or proceeding to enforce. . . [§] 1983 . . ., the court, in its discretion may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . ." 42 U.S.C. § 1988(b). This Court, relying on Fifth Circuit precedent, has held that prevailing parties are entitled to attorney's fees under § 1988 for time spent establishing, litigating, and prosecuting, the merits of the civil rights action. *Dulin v. Bd. of Com'rs of Greenwood Leflore*

---

[1] The Court notes that Morrow failed to respond despite requesting and being granted an extension to his response deadline. *See* [60].

*Hosp.*, 2013 WL 546489, at *1 (N.D. Miss. Sept. 30, 2013) (citing *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985)).

"In this circuit, courts apply a two-step method for determining a reasonable attorney's fee award." *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391-92 (5th Cir. 2016) (citing *Jimenez v. Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011)). First, the court must calculate the lodestar, "which is equal to the numbers of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* at 392 (quoting *Jimenez*, 621 F.3d at 379). Second, "[t]hough the lodestar is presumed reasonable, the court may enhance or decrease it based on the twelve *Johnson* factors." *Id.* (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 553-54, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010); *Jimenez*, 621 F.3d at 380). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Monroe v. Houston Ind. Sch. Dist.*, 2023 WL 1424280, at *4 (quoting *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022)).

Here, Ghanem's counsel requests $40,666.70 in attorney's fees and $397.74 in expenses. The Itemization of Fees and Expenses indicates that Attorney Victor Fleitas billed 88 hours at an hourly rate of $350, Attorney Chandler Rogers billed 7.98 hours at an hourly rate of $300, and Attorney Reese Neely billed 29.664 hours at an hourly rate of $200 per hour. In addition, Attorney Fleitas billed 6.5 hours of travel at a rate of $175 per hour, and Attorney Neely billed 4 hours of travel at a rate of $100 per hour. *See* [58], Ex. 1-3. [2]

The Court begins with the calculation of the lodestar.

---

[2] Both Attorney Fleitas and Attorney Neely appropriately billed travel at one half of their hourly rate.

I.      *Number of Hours*

"[T]he first step in determining reasonable attorneys' fees is an evaluation of the number of hours reasonably expended." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (citation omitted). In doing so, "[t]he court should exclude all time that is excessive, duplicative, or inadequately documented." *Combs*, 829 F.3d at 392 (quoting *Jimenez*, 621 F.3d at 379-80). Parties submitting fee requests are required to exercise billing judgment, "which refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours." *Walker v. U.S. Dept. of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

As previously mentioned, Morrow failed to respond to the Motion [58]. Notwithstanding, the Court reviewed all time entries for reasonableness. After a thorough review and taking into account that this case proceeded to a jury trial, the Court finds the number of hours billed reasonable.

II.     *Hourly Rates*

The second step of the lodestar analysis is to determine a reasonable hourly rate for each attorney. "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rate that lions at the bar may command." *Richard v. St. Tammany Parish Sheriff's Dept.*, 2022 WL 45334728, at *10 (E.D. La. Sept. 28, 2022) (quoting *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000)). "It is the plaintiff's burden to 'produce satisfactory evidence. . . that the requested rates are in line with those prevailing in the relevant community for similar services by lawyers of reasonable comparable skill, experience and reputation.'" *Id.* (quoting *Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cty., Tex.*, 752 F.2d 1063, 1073 (5th Cir. 1985)).

3

"When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *Disability Rights Mississippi v. Palmer Home for Children*, 2025 WL 3691876, at *18 (N.D. Miss. Dec. 19, 2025). Recently, this Court found, "[a]n hourly rate of $250-300 is customary for attorneys practicing law in federal courts for the Northern District of Mississippi." *McMillian v. Aberdeen Sch. Dist.*, 2025 WL 611070, at *5 (N.D. Miss. Feb. 25, 2025). In *McMillian*, this Court also approved a rate of $400 per hour and $350 per hour respectively for two experienced attorneys. *Id.* at *5.

Here, the Itemization of Fees and Expenses reflects hourly billing rates of $350 per hour for Attorney Fleitas, $300 per hour for Attorney Rogers, and $200 per hour for Attorney Neely. The Court finds Attorney Rogers' and Attorney Neely's rates fall within or below the customary range and are therefore reasonable.

As to Attorney Fleitas, he has practiced law nearly 30 years and is an adjunct professor at the University of Mississippi School of Law. *See* [58], Ex. 1. This Court has awarded similar hourly rates to attorneys with similar experience. *See McMillian*, 2025 WL 611070 at *5 (approving hourly rate of $350 to attorney with 24 years of experience). As such, the Court finds a rate of $350 per hour for Attorney Fleitas reasonable.

III.     *Lodestar Calculation*

Taking into account the applicable hourly rates, the Court calculates the lodestar as follows:

|  | Hours | Rate | Fees |
|---|---|---|---|
| Victor Fleitas | 88 | $350.00 | $30,800.00 |
| Chandler Rogers | 7.98 | $300.00 | $2,396.40 |

| | | | |
|---|---|---|---|
| Catherine Reese Neely | 29.664 | $200.00 | $5,932.80 |
| Fleitas Travel | 6.5 | $175.00 | $1,137.50 |
| Neely Travel | 4 | $100.00 | $400.00 |
| | | **Total Fees:** | $40,666.70 |

### IV.      *Adjustments to the Lodestar Calculation*

"The lodestar 'is presumptively reasonable and should be modified only in exceptional cases.'" *Disability Rights*, 2025 WL 3691876 at *19 (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). The Court is unaware of "any other considerations" that would justify adjusting the lodestar amount. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 395 (5th Cir. 2016). Accordingly, it finds that the amount of $40,666.70 represents a reasonable attorney's fee.

### V.      *Expenses*

Lastly, Ghanem requests $397.74 in mileage reimbursement for Attorney Fleitas and Attorney Neely. Court within the Fifth Circuit generally award mileage expenses at the standard rate set by the IRS. *See generally Copeland v. Alamo Billing Co.*, 2021 WL 7500786, at *10 (E.D. Tex. Dec. 17, 2021); *Moran v. Signet Mar. Corp.*, 2023 WL 2971768, at *6 (S.D. Tex. Apr. 17, 2023); *Round Rock Indep. Sch. Dist. v. Amy M.*, 2022 WL 4589102, at *6 (W.D. Tex. Aug. 22, 2022). The IRS standard rate for 2026 is 72.5 cents per mile. *See* Internal Revenue Service, *IRS sets 2026 business standard mileage rate at 72.5 cents per mile, up 2.5 cents*, https://www.irs.gov/newsroom/irs-sets-2026-business-standard-mileage-rate-at-725-cents-per-mile-up-25-cents (last visited June 17, 2026).

Individually, Attorney Fleitas requests a reimbursement for 298 miles and Attorney Neely requests a reimbursement for 249.2 miles. At a rate of 72.5 cents per mile, the Court awards

Attorney Fleitas $223.30 and Attorney Neely $180.67. In total, the Court awards Ghanem $403.97 in expenses.[3]

*Conclusion*

For the reasons set forth above, Ghanem's Motion for Attorney's Fees and Expenses [58] is GRANTED. Ghanem is awarded $40,666.70 in attorneys' fees and $403.97 in expenses.

SO ORDERED, this the 6th day of July, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] In her Declaration, Attorney Neely seemingly calculated her mileage expense at a rate of 70 cents per mile (despite the fact that the Declaration itself lists a rate of 79 cents per mile). Notwithstanding, the Court finds it proper to award her the standard federal rate of 72.5 cents per mile.